IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID GILLS, and DUKHAN MUMIN,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT R. FRAKES, in his official and individual capacities; and PETE RICKETTS, in his official and individual capacities,<br><br>Defendants. | 4:21CV3004<br><br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on its own motion. On February 3, 2021, the court required Plaintiff Dukhan Mumin ("Mumin") to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action. (*See* Filing 12.) This court has previously determined that three or more federal court cases brought by Mumin, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See Dukhan Mumin v. Scott Frakes, et al.*, Case No. 4:17-cv-3032-RGK-PRSE (listing cases). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

    "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed.... [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection

requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002). However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Mumin responded the court's show-cause order on February 18, 2021, by filing a motion for leave to proceed in forma pauperis. (*See* Filing 13.) Mumin alleges he "is under imminent danger of serious physical injury because he is housed with several prisoners in housing unit 6 [at the Nebraska State Penitentiary ("NSP")] that are currently infected with the virus Covid-19, or have been infected and quarantined, and some have been infected on more than one occasion and quarantined." (Filing 13, ¶ 1.) Mumin identifies one prisoner who "sleeps right next to [him] in unit 6," and "was the first to contract [the virus] and [be] quarantined." (Filing 13, ¶ 16.) It is not alleged that such prisoner was infectious when the complaint was filed, or at the current time.

While the court understands Mumin's general concern about the COVID-19 virus, "speculation about the mere possibility that he will become infected by the virus does not constitute imminent danger." *Paige v. Washington*, No. 1:20-CV-629, 2020 WL 4558735, at *6 (W.D. Mich. Aug. 7, 2020). *See also Brooks v. Harris Cty. Sheriff's Office*, No. CV H-20-2748, 2020 WL 5096527, at *1 (S.D. Tex. Aug. 28, 2020) ("Although he expresses a general fear based on the coronavirus, general allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." (internal quotation omitted)); *Talbert v. Well Path*, No. CV 20-3401, 2020 WL 4815828, at *1 (E.D. Pa. Aug. 19, 2020) ("Rank speculation of contracting COVID-19 does not constitute imminent danger of serious physical injury to meet Congress's exception to the filing bar under 28 U.S.C. § 1915(g) and to proceed without paying the filing fees."); *Littlejohn v. Whitmer*, 2020 WL 1685310, at *3 (W.D. Mich. April 7, 2020) (plaintiff failed to allege imminent danger where the conditions of confinement did not place him in any greater risk than the general public and did not claim a particularized risk of imminent physical harm); *Johnson v. Wilcher*, No. CV420-

089, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020) (imminent danger exception to section 1915(g) did not apply based on a general fear of contracting COVID-19 in the prison).

Thus, Mumin's allegations of potential exposure to COVID-19 do not demonstrate an imminent danger of serious physical injury to avoid the three strikes bar of § 1915(g). *See Cole v. Nieman*, No. 4:20CV3074, 2020 WL 5545398, at *3 (D. Neb. Sept. 16, 2020). Because Mumin has not paid the $402.00 filing and administrative fees, and for lack of good cause shown, his claims are dismissed without prejudice, and he shall no longer be a party to this action.

IT IS THEREFORE ORDERED that;

1. Plaintiff Dukhan Mumin's motion for leave to proceed in forma pauperis (Filing 13) is denied.

2. Plaintiff Dukhan Mumin's claims are dismissed without prejudice, and he shall no longer be a party to this action.

Dated this 22nd day of April, 2021.

BY THE COURT:

Richard G. Kopf
Senior United States District Judge

3