IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID GILLS,<br><br>                Plaintiff,<br><br>vs.<br><br>SCOTT R. FRAKES and PETE RICKETTS, in their official and individual capacities,<br><br>                Defendants. | 4:21CV3004<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, David Gills ("Gills"), a state prisoner currently incarcerated at the Nebraska State Penitentiary, filed his pro se Complaint on January 14, 2021, and subsequently was granted leave to proceed in forma pauperis. Now that the required initial partial filing fee has been paid, the court conducts an initial review of Gills' Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.[1]

I. SUMMARY OF COMPLAINT

Gills alleges he was hospitalized and placed on a ventilator in September 2020 after contracting COVID-19. Gills alleges he nearly died, but does not allege that he continues to have any physical problems. (Filing 1, ¶ 3.c.) Gills claims Defendants, Scott R. Frakes (Director of the Nebraska Department of Correctional Services) and Pete Ricketts (Governor of the State of Nebraska) conspired to violate his civil rights, and he seeks relief under 42 U.S.C. § 1983. Gills alleges that Defendants, "together and under the color of law, reached an agreement or understanding, engaged in a course of conduct, and otherwise conspired and colluded among and

---

[1] Gills' co-plaintiff, Dukhan Mumin, was dismissed from the action on April 22, 2021, because he was not eligible to proceed in forma pauperis and he failed to pay the court's filing and administrative fees.

between themselves to deprive Plaintiff[ ] of [his] constitutional rights to be free from physical injury and a dangerous environment which is not conducive to [his] health and safety; to due process of law; and to be free from negligence, gross negligence, and cruel and unusual punishment." (Filing 1, ¶ 4.) Gills invokes the protections of the Fifth, Eighth, and Fourteenth Amendments, and for relief seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C § 1915(e)(2)(B) requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's

claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Liberally construing the allegations of Gills' Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. Gills requests the court to take supplemental jurisdiction over related state claims under 28 U.S.C. § 1367(a) (Filing 1, ¶ 2.a), but his Complaint contains only one count, which is specifically identified as a § 1983 claim. However, Gills does reference a non-existent constitutional right to be free from negligence and gross negligence. (Filing 1, ¶ 4). To the extent this is intended to state a claim for negligence or gross negligence under Nebraska law, this court cannot exercise supplemental jurisdiction over such a claim.

Because any alleged negligence or gross negligence necessarily occurred within the scope of Defendants' official duties, Gills can only sue Defendants for damages in their official capacities under the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. §§ 81-8,209, *et seq.*[2] Although the Nebraska Legislature has waived sovereign immunity for certain kinds of torts against the State of Nebraska and its agencies, this waiver does not extend to actions maintained in federal court. The STCA grants exclusive jurisdiction over those claims to "the district court of the county in which the act or omission complained of occurred...." Neb. Rev. Stat. Ann. § 81-8, 214 (Westlaw 2021). Consequently, any waiver of the

---

[2] The STCA provides in part: "The State of Nebraska shall not be liable for the torts of its ... employees, and no suit shall be maintained against the ... employee ... on any tort claim except to the extent, and only to the extent, provided by the State Tort Claims Act." Neb. Rev. Stat. Ann. § 81-8,209 (Westlaw 2021). A "tort claim" under the STCA includes "any claim against an employee of the state for money only on account of ... personal injury ... caused by the negligent or wrongful act or omission of the employee while acting within the scope of his or her employment." Neb. Rev. Stat. Ann. § 81-8,210(4) (Westlaw 2021). "Employee of the state means any one or more officers or employees of the state or any state agency ...." Neb. Rev. Stat. Ann. § 81-8,210(3) (Westlaw 2021).

3

State's sovereign immunity in the STCA "does not extend to actions brought in federal court." *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017).

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In addition, the Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). However, "[s]tate officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

To prevail on an Eighth Amendment claim, a plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. A plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Allegations suggesting that staff acted negligently are insufficient to support an Eighth Amendment claim. *See Estelle, supra* (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation). Moreover, a supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a *respondeat superior* theory. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). Rather, a supervisor's liability arises if "a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." *Id.* (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (1996)). Such a claim "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Id.* Furthermore, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged

violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Gills does not allege any facts showing that Defendants were deliberately indifferent to his serious medical needs.

The Eighth Amendment also requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). In general, "[t]o establish a conditions of confinement claim, a plaintiff must demonstrate (1) that the alleged deprivation was 'objectively, sufficiently serious' to result in the 'denial of the minimal civilized measure of life's necessities,' and (2) that the prison official whose action or omission caused the deprivation behaved with 'deliberate indifference to inmate health or safety.'" *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019) (quoting *Farmer*, 511 U.S. at 834). A prison official can be found deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Although Gills lists various ways in which inmates at the penitentiary allegedly are at risk for contracting COVID-19, he does not allege any facts to show that he personally faces an excessive risk of reinfection. *See United States v. Garcia*, No. 4:14-CR-3025, 2020 WL 4430652, at *1 (D. Neb. July 31, 2020) ("[T]here's little evidence of human reinfection of the novel coronavirus that causes COVID-19, and fairly good reason to believe that survivors of COVID-19 are likely to have functional immunity."). "As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 (1975)).

Gills does not explain the nature of his due process claim, and the court on its own has not found sufficient facts alleged to support such a claim. In general, the Supreme Court has held that "if a constitutional claim is covered by a specific constitutional provision, such as the … Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier,* 520 U.S. 259, 272, n. 7 (1997)).

5

Gills has filed a motion to supplement his Complaint (Filing 15), but his supplemental allegations do not correct the deficiencies noted above. They instead are argumentative, and have no place in a pleading. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain … a *short and plain statement* of the claim showing that the pleader is entitled to relief….") (emphasis supplied). The motion therefore will be denied.

Gills has also filed a motion for class certification, and for appointment of counsel to represent the class.[3] This motion will also be denied because, among other reasons, Gills' Complaint fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

The court finds upon initial review that Gills' Complaint fails to state a claim upon which relief may be granted, but the court will permit him to file an amended complaint within 30 days. If an amended complaint is not filed within 30 days, the case may be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint.

2. Failure to file an amended complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

---

[3] A pro se plaintiff who is not an attorney cannot maintain a class action. *Nelson v. Hjorth*, No. 8:18CV88, 2018 WL 2050571, at *4 (D. Neb. May 2, 2018); s*ee Evans v. Nebraska Beef, Ltd.*, No.8:12CV161, 2013 WL 4517258, at *7 (D. Neb. Aug. 21, 2013) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Coleman v. Newton*, No.8:08CV10, 2009 WL 1936265, at *1 (D. Neb. June 29, 2009) ("Pro se litigants may not represent other parties, even in class action proceedings.").

3. If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5. The Clerk of the Court is directed to set the following pro se case management deadline: **June 4, 2021**, check for amended complaint.

6. Plaintiff's motion to supplement the complaint (Filing 15) is denied.

7. Plaintiff's motion to certify class and to appoint counsel (Filing 14) is denied without prejudice to reassertion.

Dated this 5th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge